**No. 54275.**—International Expediters, Inc. *v.* United States, protest 129440–K/1102 (Chicago).

MOLLISON, Judge: The question presented in this case is whether leather chiefly used for making belts is within the meaning of the term "garment leather" as used in the modification of paragraph 1530 (c) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1530 (c)) in the trade agreement with the United Kingdom

reported in T. D. 49753. The imported merchandise consisted of reptile leather, i. e., leather made from alligator and crocodile skins, which was classified by the collector of customs as—

Leather * * * made from hides or skins of animals (including * * * reptiles * * *), in the rough, in the white, crust, or russet, partly finished, or finished * * *

and assessed with duty at the rate of 25 per centum ad valorem under the provisions of paragraph 1530 (c), *supra*. The protest claim is for duty under the provision in the same subparagraph, as modified by the United Kingdom Trade Agreement, *supra*, for—

Glove and garment leather made from hides or skins of animals (including * * * reptiles * * *), not imported to be used in the manufacture of boots, shoes, or footwear, or cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes, or footwear.

with consequent assessment of duty at 15 per centum ad valorem.

The single witness who testified was employed by the ultimate consignee, a firm engaged in the manufacture of men's garters, suspenders, and belts, and was in charge of production of belts from leather such as that here in question.

A sample of the imported material was received in evidence without objection as exhibit 1. It consists of what might be termed a strip of leather identified as alligator or crocodile leather about 25 inches long and about 3 inches wide, somewhat irregular in outline. The witness testified that by processes of cutting, piecing, lining, stitching, etc., belts are made from such strips.

The term "garment leather" is not found in subparagraph (c) of paragraph 1530 of the Tariff Act of 1930, as enacted, but represents a provision carved by the United Kingdom Trade Agreement out of the more general provision contained in the said subparagraph for leather made from hides or skins of non-bovine animals under which the merchandise in question was assessed. So far as the court has been able to determine, this case presents for determination in this court for the first time the term "garment leather" or the term "garment." Reference to the reported cases available in the court's library fails to disclose any precedent in this or other courts.

An examination of the "Digest of Trade Data with Respect to Products On which Concessions Were Granted By the United States" in connection with the trade agreement between the United States and the United Kingdom, published by the United States Tariff Commission (Washington 1938), Vol. VIII, pp. 15-143 to 15-144, fails to reveal anything which would throw any light upon the intent of the negotiators of the trade agreement with respect to garment leather made from reptile skins.

Recourse to lexicographers shows the following definitions of the term "garment":

Webster's New International Dictionary, 2d ed., 1945:

Any article of clothing, as a coat, a gown, etc.

Funk & Wagnalls New Standard Dictionary, 1942:

An article of clothing, or customary dress; a vestment: usually limited to the larger articles, as coats and gowns.

Plaintiff's witness on cross-examination stated that in his opinion a belt was a garment or a part of a garment, and it is contended in the brief filed on behalf of the plaintiff that, broadly speaking, a belt is a garment or part of a garment within the dictionary meaning of the word "garment." We think, however, that the sense of the term, particularly as set forth in the Funk & Wagnalls New Standard Dictionary definition quoted above, connotes the larger articles of dress such as coats and gowns, i. e., covering articles, which, generally speaking, belts are not.

We are of the opinion that plaintiff's contention that if belts are not garments they are, nevertheless, parts of garments is without evidence to support it. Whether a given belt is a part of a garment in the sense of being an indispensable part of the whole or is merely an accessory thereto depends upon the situation in the individual case. We have before us strips of leather which are made into belts of an ornamental and utilitarian character. There is nothing before us to show that belts of the kind made from leather such as that before us are ordinarily parts of garments, necessary to their completeness, or are accessories not considered as parts of garments but as independent articles of ornament or dress.

On the record in this case, we are constrained to hold that the plaintiff has not established a *prima facie* case in support of the contention made in the protest. The protest claim is therefore overruled and judgment will issue accordingly.